[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACTS
The plaintiff Paul Kaplan commenced employment on June 11, 1984 as a fireman operating and maintaining the steam boilers at Yale University's power plant. The plaintiff injured his back at work on June 19, 1985 and was disabled until July 1, 1985. He returned to work and sustained a ruptured disc in his lower back on June 3, 1986 when a ladder fell across his shoulders. He was disabled from work until November 16, 1987.
Most of the claimant's rights to Worker's Compensation benefits were negotiated on his behalf by Attorney James Marshall. Beginning in March of 1987, Marshall, at Kaplan's request, negotiated a tentative agreement to settle the specific disability portion of Kaplan's claim for 117 weeks of compensation. This settlement would leave open Kaplan's rights under 308a. Kaplan eventually took his specific disability benefits as a lump sum payment of $33,649.00. He did at one point receive some erroneous advice from Mr. Gallateoto that if he returned to work this money would be forfeited. Yale consistently maintained the position that it would not negotiate a lump sum settlement of potential claims under 308a unless Kaplan resigned from his position at Yale.
Attorney Marshall wrote to Mr. Gallateoto and advised him that Kaplan would not lose his specific disability benefits by returning to work and further advised Gallateoto that Yale could not discharge Kaplan because he had filed a claim for disability without risking a charge of discrimination under 31-290a of the General Statutes.
In February of 1989, Kaplan and Attorney Marshall agreed that Kaplan would represent himself in further attempts to stipulate out his 308a benefits because Marshall was not willing to represent Kaplan in a settlement which required Kaplan's resignation. Eventually Kaplan negotiated width Cathy Yeager. The parties stipulated to an agreement for $22,500.00 in full settlement of any 308a benefits conditioned upon Kaplan's resignation. Each party signed the stipulation and Kaplan, on March 11, 1989, took the stipulation to Compensation Commissioner Loeb for approval. Commissioner Loeb questioned Kaplan concerning the terms and the stipulation, but the stipulation contained no CT Page 10366 reference to the requirement for Kaplan's resignation. Commissioner Loeb eventually approved the stipulation. Kaplan then returned to Ms. Yeager's office at Yale with the approved stipulation, received a check for $22,500.00 and signed a separate piece of paper resigning.
Kaplan now claims that, by requiring him to resign as a condition of negotiating a lump sum settlement of his contingent 308a benefits, Yale violated the public policy against discrimination of compensation claimants which is embodied in 290a of the statute.
The statute provides:
"No employer who is subject to the provisions of this chapter shall discharge, or cause to be discharged, or in any manner discriminate against any employee because the employee has filed a claim for worker's compensation benefits or otherwise exercise the rights afforded to him pursuant to the provisions of this chapter."
Section 31-308 (a) is a section which allows an award of 80% of the difference between what an employee can make with the injury and what he could have made but for the injury. Ordinarily the money is paid at a time in the future when it becomes clear that there is decreased earning capacity as a result of the injury. Ordinarily compensation benefits, whether for temporary total disability, or permanent partial disability, or for future medicals, or 308a benefits are paid on a periodic basis. However, 31-302 allows for the commutation of awards into monthly, quarterly or lump sum payments and the statute provides in pertinent part:
 ". . . When he finds it just or necessary, the commissioner may approve or direct the commutation, in whole or in part of weekly compensation under the provisions of this chapter into monthly or quarterly payments or into a single lump sum, which may be paid to one then entitled to compensation, and the commutation shall be binding on all persons entitled to compensation for the injury in question." CT Page 10367
Yale's position, and the testimony supported Yale's claim that this is a common employer's practice, is that they will not agree to a commutation of 308a benefits while the injured employee remains in their employ. Their logic is that if they make such an agreement and the employee suffers a future injury they run a risk of paying twice for the same injury. Although it is possible to obtain agreements in an attempt to prevent this risk, Yale, like many employers and insurance companies, question the efficacy of such agreements and the willingness of the second injury fund to cooperate in its duties in the event of future injuries to a previously compensated employee.
Both the pleadings and the plaintiff's concession at oral argument make it clear that the plaintiff's sole claim is a claim of violation of 31-290a. While the plaintiff makes the argument in several different forms, his essential argument is that the insistence on his resignation amounted to a constructive discharge or discrimination flowing from his filing of the claim.
The court finds that Yale did not discharge or cause Mr. Kaplan to be discharged or in any manner discriminate against him because he filed a claim for worker's compensation or otherwise exercised the rights afforded to him under the provisions of compensation chapter. At worst Yale refused to negotiate a lump sum settlement of speculative 308a benefits. In doing so, the court finds that Yale treated Mr. Kaplan in much the same way that it would treat any other injured employee and further that Yale proceeded with Mr. Kaplan in much the same way that many other employers and insurance companies treat injured employees seeking commutation of 308a benefits. It is a relatively standard industry practice to demand resignation as a precondition to such a lump sum settlement.
The court notes that it is not faced with any type of claim of unfair claims adjustment practice. It is concerned only with the question of whether Yale's actions amount to a discharge or a constructive discharge that rises to the level of discrimination as that term is used in 31-290a. At a time when the legislature is examining the entire matter of worker's compensation, it is a matter for the legislature to address the question of the propriety of required resignations if it chooses to do so. Further, the court sees a great difference between a claim of discrimination in the refusal to commute 308a benefits without a resignation and a refusal to pay or commute weekly CT Page 10368 benefits or benefits for a specific injury without a resignation.
While the court finds no discrimination on the part of Yale against Mr. Kaplan, the court notes that when the stipulation settling the 308a claims was submitted to the compensation commissioner, the commissioner was not informed that a condition of the settlement was Kaplan's resignation. The Supreme Court has held in Welch v. Fogarty, 157 Conn. 538, 545.
 "As far as the record in this case discloses, the worker's compensation commissioner had only the stipulation before him. Approval of such a stipulation by the commissioner is not an automatic process. It is his function and duty to examine all the facts with care before entering an award, and this is particularly true where the stipulation presented provides for a complete release of all claims under the act."
While the court finds no discrimination and accordingly holds for the defendant Yale University, it would appear, in view of the quoted language from Welch, that the better practice when the commutation of benefits is conditioned upon a resignation would be to include the requirement for the resignation in the stipulation that is presented to the commissioner or at least inform the commissioner that resignation is a pre-condition. This would better enable the commissioner to examine all the facts with care before approving the final and complete release of all claims.
Gallagher, Gallagher Calistro for plaintiff.
Delaney, Zemetis, Donahue, Durham Noonan for defendant. CT Page 10369